## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER SANDERS, JR., | : | MOTION TO VACATE |
| BOP ID 51596-056, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:15-CV-4124-LMM-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:08-CR-352-4-LMM-CMS |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on federal inmate Walter Sanders Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [237 at 1-13] and Supplemental Brief [237 at 14-29 (pages scanned in reverse order)]. For the following reasons, the undersigned will recommend that Sanders's § 2255 motion be dismissed and that a Certificate of Appealability be denied.

In 2008, Sanders and three co-defendants were indicted on one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and one substantive count of possession with intent to distribute 5 kilograms or more of cocaine. *See* [18 (Superseding Indictment)]. Each of Sanders's co-defendants pled guilty.

In 2010, Sanders proceeded to trial and was convicted on both counts. *See* [164 (Jury Verdict)]. Sanders was then sentenced to concurrent 250-month terms of imprisonment. *See* [180 (Judgment and Commitment)].

The United States Court of Appeals for the Eleventh Circuit denied Sanders's appeal and issued its mandate on March 8, 2012. *See* [221 at 2]. Insofar as appears in the record, Sanders did not seek a writ of certiorari from the United States Supreme Court.

Thus, judgment against Sanders became final ninety-days later, on June 6, 2012, when his time to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.") *see also* S. Ct. R. 13.1 ("a petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment").

Sanders mailed his § 2255 motion on November 17, 2015, *see* [237 at 30 (Certificate of Service)], raising three claims of ineffective assistance of

counsel, *see* [237 at 4-7]. Thus, more than three years and five months passed between the time judgment against Sanders became final and the date on which he filed his § 2255 motion.

A one-year limitation period applies to § 2255 motions, typically running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). Indeed, the § 2255 motion form that Sanders completed states: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2255 does not bar your motion." [237 at 12]. Sanders's response was inapposite, and he has not alleged any circumstances that suggest that the one-year limitation period should not be treated as having expired.

Thus, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief" because the § 2255 motion is untimely. 28 U.S.C. foll. § 2255, Rule 4(b). Consequently, this Court "must dismiss the motion and direct the clerk to notify the moving party." *Id.*

Accordingly, the undersigned **RECOMMENDS** that Sanders's § 2255 motion be **DISMISSED** as untimely.

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Sanders has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 7th day of December, 2015.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE