IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER SANDERS, JR., <br> BOP ID 51596-056, | : <br> : <br> : | MOTION TO VACATE <br> 28 U.S.C. § 2255 |
| Movant, | : <br> : | CIVIL ACTION NO. <br> 1:15-CV-4124-LMM-CMS |
| v. | : <br> : | |
| UNITED STATES OF AMERICA, | : <br> : | CRIMINAL ACTION NO. <br> 1:08-CR-352-4-LMM-CMS |
| Respondent. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [240], recommending that federal inmate Walter Sanders, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [237] be dismissed as untimely and that a Certificate of Appealability be denied.

Sanders has filed Objections [243] to the R&R, arguing that his motion is timely under 28 U.S.C. § 2255(f)(3) or, in the alternative, that its untimeliness should be excused on the basis of his "actual innocence." Dkt. No. [243] at 18. The remainder of his objections concern the merits of his motion under 28 U.S.C. § 2255. See generally Dkt. No. [243].

Under applicable law, this Court reviews the R&R for clear error if no objections are filed. See 28 U.S.C. § 636(b)(1). If a party files objections, however, the Court must review *de novo* any "specific written objections to the proposed

findings and recommendations." FED. R. CIV. P. 72(b); see also 28 U.S.C. § 636(b). Because Sanders filed specific written objections to the R&R with respect to its determination that his § 2255 motion was untimely, the Court reviews that determination *de novo*.

To be timely, a § 2255 motion must be filed within one year of the latest to occur of four specified events. See 28 U.S.C. § 2255(f). In most cases, the relevant event is "the date on which the judgment of conviction becomes final." Id. at (f)(1). Sanders concedes "that his § 2255 [motion] is untimely" under § 2255 (f)(1). Dkt. No. [243] at 2.

In his Objections, however, Sanders contends that the limitation period should be measured under § 2255(f)(3), which provides that the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See Dkt. No. [243] at 18-19. In making this new argument, Sanders does not dispute the R&R's finding that his § 2255 motion was filed on November 17, 2015. See Dkt. No. [240] at 2. Thus, Sanders must point to a Supreme Court case that (i) meets § 2255(f)(3)'s criteria, (ii) is relevant to his convictions and sentence, and (iii) was decided on or after November 17, 2014.

Accordingly, Sanders's citation to and reliance upon Alleyne v. United States, 133 S. Ct. 2151 (2013) (decided June 17, 2013), and Dodd v. United States, 545 U.S. 353 (2005) (decided June 20, 2005), cannot render his § 2255 motion

2

timely, because both cases were decided more than one year before he filed his § 2255 motion.[1]

The only case that was decided after November 17, 2014, that Sanders cites in support of his argument that his motion was timely filed under § 2255(f)(3) is Johnson v. United States, 135 S. Ct. 2551 (2015) (decided June 26, 2015). In that case, the Supreme Court held that "imposing an increased sentence under the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563.

Sanders, however, was convicted for conspiring to possess with intent to distribute five or more kilograms of cocaine and for aiding and abetting possession with intent to distribute five or more kilograms of cocaine. See United States v. Sanders, 668 F.3d 1298, 1300 (11th Cir. 2012); see also Jury Verdict, Dkt. No. [164]. No firearms were alleged to be involved. Thus, Sanders was *not* sentenced under the Armed Career Criminal Act, and Johnson is entirely inapposite. See generally Sanders, 668 F.3d 1298; see also Transcript of Sentencing Proceedings, Dkt. No. [194] at passim.

Accordingly, it is clear that Sanders's § 2255 motion was not timely filed under § 2255(f)(3).

---

[1] Sanders also "argues that his petition should be entertained in light of United States v. Newbold, a recent Supreme Court ruling," Dkt. No. [243] at 19, but he does not provide any citation to the case and the Court has been unable to find any substantive Supreme Court decision with such a caption.

In the alternative, Sanders argues that the untimeliness of his § 2255 motion should be excused altogether because he is "actually innocent" of the crimes for which he was convicted. See Dkt. No. [243] at 14-19.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [notwithstanding] expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare," in particular because "'a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). As the Supreme Court had earlier explained: "[t]o be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324.

The principal problem with Sanders's "actual innocence" claim is that he has presented no "new reliable evidence" at all, let alone new evidence that would persuade this Court that no reasonable juror would have voted to convict him. Rather, all Sanders has attempted to do in his § 2255 motion and Objections is to re-argue the jury's verdict based on the evidence presented at trial. This is inadequate to state an "actual innocence" gateway plea under McQuiggin, and, in

4

any event, as the United States Court of Appeals for the Eleventh Circuit observed on direct review, the evidence of Sanders's guilt was "abundant" and "overwhelming." <u>Sanders</u>, 668 F.3d at 1315.

Thus, it is also clear that Sanders is not entitled to an equitable exception to the one-year limitations period in § 2255(f).

Having considered *de novo* Sanders's Objections to the R&R's determination that his § 2255 motion was untimely:

It is **ORDERED** that those Objections are **OVERRULED**.

It is **ORDERED** that the R&R, as supplemented herein, is **APPROVED** and **ADOPTED** as the Order of the Court.

It is **ORDERED** that Sanders's § 2255 motion is **DISMISSED** as untimely, and it is further **ORDERED** that a Certificate of Appealability is **DENIED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 14th day of April, 2016.

*[signature]*
**Leigh Martin May**
**United States District Judge**